USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/10/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRANK MCGRIGS,
                        Petitioner,

        - against -

J.M. KILLIAN, Warden of the Federal
Correctional Institution in Otisville, New York,

                        Respondent.
------------------------------------------------------------X

08 Civ. 6238 (RMB) (DF)

**DECISION & ORDER**

### I.    Background

On or about June 25, 2008, Frank McGrigs ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241 against J.M. Killian ("Respondent"), Warden of the United States Federal Correctional Institution in Otisville, New York, challenging the United States Federal Bureau of Prison's ("BOP") calculation of the length of Petitioner's sentence and alleging, among other things, that he is serving this sentence "without credit for [prior] time served" between January 6, 2006 and April 10, 2007. (Pet. for Writ of Habeas Corpus By Person in Federal Custody, dated June 25, 2006 ("Pet."), at 2–3, 12.)

On or about January 6, 2006, while on supervised release for a 2003 Federal narcotics offense, Petitioner was arrested by the District of Columbia ("D.C.") Police Department and charged with certain other narcotics offenses ("new narcotics offenses"). (Decl. of Cheryl Pauley, dated Aug. 26, 2008 ("Pauley Decl.") ¶ 5.) Petitioner was detained until January 16, 2006. On February 4, 2006, Petitioner was arrested again by the D.C. Police Department (pursuant to an arrest warrant) for violating the terms of his supervised release. (Pauley Decl. ¶¶ 5–8.)

On February 6, 2006, the D.C. Police Department transferred Petitioner into Federal custody. On July 12, 2006, Petitioner pled guilty to violating the terms of his supervised release and was sentenced to 27 months of imprisonment ("First Sentence").[1] (Pauley Decl. ¶ 10.) On April 11, 2007, Petitioner pled guilty to the new narcotics offenses and was sentenced to 24 months of imprisonment ("Second Sentence").[2] (Pauley Decl. ¶ 11.) The Second Sentence was "to run consecutive to the [First Sentence] and [P]etitioner was to receive credit for time served." (Pauley Decl. ¶ 11.) On August 8, 2008, the BOP calculated and determined that Petitioner's total sentence for the First and Second Sentences was 51 months less 14 days for time served.[3] (Pauley Decl. ¶ 12.)

Petitioner argues, among other things, that the BOP miscalculated his sentence because the sentencing judge indicated that Petitioner was entitled to be credited for time served from the date of his arrest on January 6, 2006 for the new narcotics offenses to the date he was sentenced for these offenses, i.e. on April 10, 2007, and that this credit should be applied to his Second Sentence. (Pet. at 3, 13.)

On April 10, 2009, United States Magistrate Judge Debra Freeman, to whom the matter had been referred, issued a Report and Recommendation ("Report") recommending that the Petition be denied because, among other reasons, "[t]he record of Petitioner's arrests, sentencings, and the periods he spent in custody demonstrate that his sentence was correctly calculated." (Report at 7.) Judge Freeman also determined that "Petitioner is effectively urging

---

[1] Petitioner received credit for time served from the date he was placed in federal custody for this supervised release violation, i.e., on or about February 6, 2006. (Pauley Decl., Ex. E (U.S. Dept. of Justice, Notice of Action, dated Aug. 9, 2006).)

[2] The Court finds that the Second Sentence was imposed on April 11, 2007, and not April 11, 2006 as (no doubt inadvertently) stated in the Report.

[3] The Court finds that the correct calculation for time served is the BOP's calculation of 14 days, and not 13 days as stated in the Report.

this Court to find that [time served during his] period of imprisonment should be credited twice." (Report at 9.)

On April 23, 2009, Petitioner submitted objections ("Objections") to the Report arguing, among other things, that his "time served . . . [was] to be [credited] towards each sentence" and such credit "should not be viewed as double credit." (Objections at 1.)

**For the reasons stated below, the Court adopts the Report in its entirety and the Petition is denied.**

## II.  Standard of Review

The Court may adopt any portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also Donahue v. Global Home Loans & Fin., Inc., No. 05 Civ. 8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

Where, as here, a petitioner is proceeding pro se, the Court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and will "interpret them to raise the strongest arguments that they suggest," Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

## III.  Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of, among other

things, the Petition, the Report, Petitioner's Objections, the record, and applicable legal authorities, and concludes that the determinations and recommendations of Judge Freeman are supported by the record and the law in all respects. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Petitioner's Objections do not provide any basis for departing from the Report's conclusions and recommendations.[4]

Judge Freeman properly concluded that Petitioner's sentence was correctly calculated. (Report at 7.) At his Second Sentence, Petitioner received prior (custody) credit for the time he served during the eleven days he was held following his arrest on January 6, 2006; and at his First Sentence, Petitioner received prior (custody) credit for the three days he was held following his arrest on February 4, 2006. (See Pauley Decl., Ex. G (BOP Sentence Monitoring and Computation Data Report, dated August 8, 2008) at 2–3.) "With regard to the interim period from January 17 through February 3, 2006, Petitioner is not entitled to any credit because he was not in custody during that time period." (Report at 7); see D.C. Code § 24-221.03(a) ("[e]very person shall be given credit . . . for time spent **in custody**") (emphasis added).

Petitioner's time in custody between February 6, 2006 and April 10, 2007 was not served "as a result of the [narcotics] offense[s] for which the [Second] [S]entence was imposed." D.C. Code § 24-221.03(a). "Rather, that time was served as a result of his violation of supervised release and was properly credited to his First Sentence." (Report at 8); see Ali v. District of Columbia, 612 A.2d 228, 230 (D.C. Ct. App. 1992); see also United States v. Beltre, No. 05 Cr. 891, 2008 U.S. Dist. LEXIS 31270, at *3 (S.D.N.Y. Apr. 15, 2008) ("the requirement of credit for time served does not apply to time that has been credited toward another sentence").

---

[4] As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any Objections not specifically addressed in this Order have been considered de novo and rejected.

To the extent that Petitioner argues that "the Judge stated [he] was to be credited for time served" from February 6 2006 to April 10, 2007, Judge Freeman properly concluded that "it is the Attorney General, acting through the BOP, and not the sentencing judge, who is responsible for calculating prior custody credits." (Report at 9); see United States v. Wilson, 503 U.S. 329 (1992).

## IV.    Conclusion and Order

For the reasons stated herein and therein, the Court adopts the Report in its entirety and denies the Petition [#1].  The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
       November 10, 2009

*RMB*
_____
RICHARD M. BERMAN, U.S.D.J.